IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Sophia Sahagún,<br><br>Plaintiff,<br><br>v.<br><br>Themis Bar Review, LLC,<br><br>Defendant. | Case No. 24-cv-2065 |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Themis Bar Review, LLC ("Themis") respectfully submits this Notice of Supplemental Authority regarding Themis's pending motion to dismiss [Dkt. No. 15]. As set forth herein, the United States Court of Appeals for the Second Circuit's recent decision in *Solomon v. Flipps Media, Inc.*, --- F.4th ---, 2025 WL 1256641, at *1 (2d Cir. May 1, 2025), attached as **Exhibit 1**, is relevant to the Court's analysis.

The plaintiff in *Solomon v. Flipps Media, Inc.*, like the plaintiff here, brought a VPPA claim alleging that the defendant's implementation of the Meta Pixel disclosed personally identifiable information ("PII") comprising (1) URLs containing video titles and (2) the user's Facebook ID ("FID"). *Solomon*, 2025 WL 1256641, at *1-3. The defendant filed a motion to dismiss, which the district court granted. *Id.* at *4. The Second Circuit affirmed. It held that for VPPA purposes, PII is limited to "information that would permit an ordinary person to learn a specific individual's video-watching history." *Id.* at *9. It then held that the plaintiff failed to allege a disclosure of PII for two independent reasons. First, it was "implausible that an ordinary person would understand, with little or no extra effort," that the disclosed URLs included "a video title," given that "[t]he words of the title . . . are interspersed with many characters, numbers, and letters." *Id.* at *10. Second, the complaint did not "plausibly allege that an ordinary person could identify"

the plaintiff using the alleged pixel disclosure, given that the FID was "just one phrase embedded in many other lines of code" and was not labeled as an FID. *Id.* at *11.

*Solomon* is relevant to whether Plaintiff has plausibly alleged a disclosure of PII by Themis. As noted in the Motion to Dismiss, Plaintiff alleges disclosures by the Meta Pixel of Themis Video URLs, which consist of undecipherable alphanumeric strings of text, e.g.:

> https://www.themisbar.com/learners/index.php?service=video&id_task=532053&
> id_video=1722

Dkt. No. 15 at 3. Such a URL is more cryptic than the *Solomon* URL, which actually contained the title of the movie within the text, albeit surrounded by a host of other characters (as depicted in the *Solomon* slip opinion):




In *Solomon*, an ordinary person, with some effort, could have mined the title of the video (the "Roast of Ric Flair") from the URL disclosed, but the Court held that the effort required prevented such a URL from constituting PII. That must be the result here as well, where the title is not even buried among Themis Video URL code communicated by the Meta Pixel.

Date: May 6, 2025

*/s/ James V. Leito*
Joshua D. Lee
NORTON ROSE FULBRIGHT US LLP
1045 W. Fulton Market, Suite 1200
Chicago, Illinois 60607-7932
Telephone: (312) 964-7800
Facsimile: (214) 694-7799
josh.lee@nortonrosefulbright.com

James V. Leito IV*
Jackie Baker*
Joseph Simmons*
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
james.leito@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com
joseph.simmons@nortonrosefulbright.com

**Admitted Pro Hac Vice*

*Counsel for Defendant Themis Bar Review, LLC*