**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SOPHIA SAHAGÚN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THEMIS BAR REVIEW, LLC,<br><br>Defendant. | Case No. 1:24-cv-02065 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 66)**

Plaintiff Sophia Sahagún ("Plaintiff") respectfully submits this response to Defendant's Notice of Supplemental Authority (ECF No. 66). The ruling in *Solomon v. Flipps Media, Inc.*, --- F.4th ---, 2025 WL 1256641 (2d Cir. May 1, 2025) does not warrant dismissal and is belied by authority cited in Plaintiff's Notice of Supplemental Authority (ECF No. 60) and numerous courts across the country.

The Seventh Circuit has recognized that the VPPA "is aimed principally at information about videos; public disclosure of his rentals is what happened to Judge Bork. And what happened to Judge Bork has some overlap with what plaintiffs allege; after all, the Meta pixel encodes the name of each video that they stream from the website." *Gardner v. Me-TV Nat'l Ltd. P'ship*, 132 F.4th 1022, 1025 (7th Cir. 2025). For this reason, courts in this Circuit have rejected the reasoning of *Solomon* and the authority relied upon therein, including *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 267 (3d Cir. 2016).

In particular, Judge Leinenweber explained the flaw in Defendant's argument as follows:

> Fubo also requests this Court adopt the Third Circuit "ordinary person" standard set out in *In re Nickelodeon Consumer Privacy Litig.* in which "personally identifiable information" refers to only that information that would "readily permit an ordinary person to

> identify a specific individual's video-watching behavior." *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 267 (3d Cir. 2016). Fubo cites no case in this district that imposes this standard. And while the "ordinary person" standard may "reflect [ ] the majority view," as Fubo argues, the Court is unconvinced that imposing the standard here would foreclose Burdette's claim. (Reply at 2.) Fubo's Privacy Policy states that Fubo affirmatively collects the following categories of information: "Identifiers (such as name, address, email address) ... demographic information (age); location information ..." Information such as name, address, and demographic information would presumably permit an ordinary person to identify a subscriber. If this identifying information was then disclosed with that individual's viewing history, as Plaintiff alleges, such a disclosure would satisfy the ordinary person standard. In fact, even *In re Nickelodeon* held that GPS coordinates alone "contain more power to identify a specific person." 827 F.3d at 289.

*Burdette v. FuboTV Inc.*, 2024 WL 2831466, at *4 (N.D. Ill. June 4, 2024) (Leinenweber, J.). Judge Tharp, Jr. similarly declined to dismiss a claim brought under the VPPA where the plaintiff alleged the defendant collected "data about its users, including the VPPA-relevant PII data" such as "name, age, gender, email" and that defendant "uses a 'sophisticated tracking technology' to collect that PII while users engage with Tubi's site or app, including their viewing history." *Campos v. Tubi, Inc.*, 716 F. Supp. 3d 623, 636 (N.D. Ill. 2024) (Tharp, Jr., J.), *appeal dismissed*, 2024 WL 5457089 (7th Cir. Oct. 16, 2024).

For the reasons articulated by Judge Leinenweber, and contrary to *Solomon*, "the great weight of authority" has held that "a Facebook ID is personally identifiable information for purposes of the VPPA because Plaintiff alleges that anyone can use it to identify a Facebook profile 'and all personal information publicly listed on that profile.'" *Lee v. Plex, Inc.*, 2025 WL 948118, at *9-10 (N.D. Cal. Mar. 28, 2025) (citing *Ade v. Viki, Inc.*, 2024 WL 1880153, at *2 (N.D. Cal. Mar. 28, 2024) (Plaintiff plausibly alleged that a Facebook ID is personally identifiable information because it "uniquely identifies an individual's Facebook account," "which generally contains a wide range of demographic and other information[.]") (citation

omitted); *see also Jackson v. Fandom, Inc.*, 2023 WL 4670285, at *4 (N.D. Cal. July 20, 2023) ("the Court may reasonably infer that an ordinary person could readily identify a specific Facebook user on the basis of a Facebook Profile ID"); *Ambrose v. Bos. Globe Media Partners LLC*, 2022 WL 4329373, at *2 (D. Mass. Sept. 19, 2022) (holding sufficient allegation of PII disclosure where plaintiff alleged "his Facebook ID, email address, first name, last name, mailing address, and information about what videos he has watched on the Globe website – through its use of Facebook's Tracking Pixel and Advanced Matching tools" were transmitted to Facebook); *Fan v. NBA Props. Inc.*, 2024 WL 1297643, at *2 (N.D. Cal. Mar. 26, 2024) (Plaintiff plausibly alleged that a Facebook ID is personally identifiable information because it "allows anybody" to identify a person associated with a Facebook profile and "all personal information publicly listed on that profile." (citation omitted)); *Sellers v. Bleacher Rep., Inc.*, 2023 WL 4850180, at *4 (N.D. Cal. July 28, 2023) ("The [Facebook ID] is a unique identifier that is enough, on its own, to identify a person.").

Here, Plaintiff alleges "themisbar.com uses code called the Facebook Tracking Pixel to track what videos its users watch, and to then send that data to Facebook <u>along with their PII, including their name and email address.</u>" Compl. ¶ 3 (emphasis added); *see also id.* ¶ 32 ("When someone who is logged into Facebook watches a video on Themis, the Pixel transmits PII from these Facebook cookies to Facebook along with their PageView data. For instance, the c_user cookie contains a visitor's Facebook ID."); *id.* ¶ 33 ("A Facebook ID is personally identifiable information. Anyone can identify a Facebook profile—and all personal information publicly listed on that profile—by appending the Facebook ID to the end of facebook.com."); *id.* ¶ 34 ("The combination of the PageView data and the PII from Facebook's cookies embedded on themisbar.com permits Facebook to see who watched what video."). That is sufficient.

DATED: May 7, 2025

Respectfully submitted,

*/s/ Philip L. Fraietta*

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
Alec M. Leslie
1330 Avenue of Americas, 32nd Fl.
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: pfraietta@bursor.com
aleslie@bursor.com

J. Dominick Larry
**NICK LARRY LAW LLC**
1720 W. Division St.
Chicago, IL 60622
773.694.4669
nick@nicklarry.law

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Philip L. Fraietta*
Philip L. Fraietta