IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Sophia Sahagún,<br><br>Plaintiff,<br><br>v.<br><br>Themis Bar Review, LLC,<br><br>Defendant. | Case No. 24-cv-2065 |

**DEFENDANT'S REPLY REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Themis Bar Review, LLC ("Themis") respectfully submits this Reply because the Response to Themis's Notice of Supplemental Authority (the "Response") [Dkt. 68] erroneously asserts that "courts in this Circuit have rejected the reasoning of *Solomon* [*v. Flipps Media, Inc.*, --- F.4th ---, 2025 WL 1256641 (2d Cir. May 1, 2025)] and the authority relied upon therein, including *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 267 (3d Cir. 2016)." Resp. 1. Neither half of this statement is true.

To begin, no court in this Circuit has rejected *Nickelodeon*. The Response cites three in-Circuit cases. *See* Resp. 1-2. One case *applied Nickelodeon*, observing that while no Northern District of Illinois case had yet "impose[d] [its] standard," it is the "majority view"—all of which is reflected in the block quote in the Response. *See Burdette v. FuboTV Inc.*, 2024 WL 2831466, at *4 (N.D. Ill. June 4, 2024). The other two cases did not even discuss *Nickelodeon*. *See Gardner v. Me-TV Nat'l Ltd. P'ship*, 132 F.4th 1022 (7th Cir. 2025); *Campos v. Tubi, Inc.*, 716 F. Supp. 3d 623 (N.D. Ill. 2024).

Nor has any court in this Circuit rejected *Solomon*'s reasoning. *Solomon* never denied the proposition for which the Response strenuously argues, *see* Resp. 2-3, namely that a Facebook ID ("FID") can be personally identifiable information. Rather, *Solomon* held that when an FID is "not

labeled" as such, "it is not plausible that an ordinary person" would recognize a phrase such as "c_user=123456" to contain a person's FID in the first place. 2025 WL 1256641, at *11. No case cited in the Response considers, much less rejects, this simple point.

More critically, none of these cases (nor the Response itself) address *Solomon*'s other holding: that a URL including "[t]he words of [a video] title . . . interspersed with many characters, numbers, and letters" did not amount to video watch history. *Id.* at *10. That holding was the point of filing the Notice, and applying that holding here (as explained in the Notice), a Themis Video URL clearly does not amount to video watch history either. As Plaintiff conceded in her Opposition to Themis's Motion to Dismiss [Dkt. 38 at 11], a VPPA claim requires a disclosure of video watch history. When the video's title is masked (*Solomon*) or nonexistent (Themis) within the URL, no video watch history is disclosed.

Date: May 9, 2025

*/s/ James V. Leito*

Joshua D. Lee
NORTON ROSE FULBRIGHT US LLP
1045 W. Fulton Market, Suite 1200
Chicago, Illinois 60607-7932
Telephone: (312) 964-7800
Facsimile: (214) 694-7799
josh.lee@nortonrosefulbright.com

James V. Leito IV*
Jackie Baker*
Joseph Simmons*
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
james.leito@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com
joseph.simmons@nortonrosefulbright.com

**Admitted Pro Hac Vice*

*Counsel for Defendant Themis Bar Review, LLC*